# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BOARD OF TRUSTEES OF THE
TEAMSTERS LOCAL 631 SECURITY FUND
FOR SOUTHERN NEVADA  et al.,

    Plaintiffs,

  vs.

SHOW PLUS LV, LLC et al.,

    Defendants.

2:14-cv-02129-RCJ-VCF

**ORDER**

   This case arises from Defendant Show Plus LV, LLC's ("Show Plus") alleged violation of the Employee Retirement Income Security Act of 1974 ("ERISA").  Pending before the Court is Plaintiffs' Motion for Default Judgment on the first amended complaint ("FAC"). (ECF No. 15).  For the reasons contained herein, the Motion is DENIED without prejudice.

**I.  FACTS AND PROCEDURAL HISTORY**

   Plaintiffs are the Board of Trustees of the Teamsters Local 631 Security Fund for Southern Nevada and the Board of the Teamsters Convention Industry Training Fund (collectively, "Trust Funds"). (FAC ¶ 2, ECF No. 6)  It is alleged that Defendant American Polysource, Inc. ("American Polysource"), doing business as Show Plus, signed a collective bargaining agreement ("CBA") with the International Brotherhood of Teamsters Local 631. (*Id.*

¶ 3).  Plaintiffs allege that Show Plus is the alter ego of American Polysource for the purposes of ERISA and that each is bound by the terms of the CBA. (*Id.* ¶9).

Plaintiffs claim that the CBA incorporates the trust agreements establishing the Trust Funds ("Trust Agreements") and that pursuant to the CBA and the Trust Agreements, Defendants are obligated to make their books and records available for contract compliance review. (*Id.* ¶¶ 10–11).  Defendants have not complied with this obligation by failing to make their records available for review during an audit period of May 1, 2014 to September 30, 2014 despite multiple requests by Plaintiffs. (*Id.* ¶ 12).

On December 16, 2014, Plaintiff filed this lawsuit in an effort to compel Defendants to deliver the papers and documents necessary to permit the Trust Funds to perform an audit. (*Id.* at 3).  Service of process was performed upon Defendants in February 2015. (*See* ECF Nos. 9, 10).  Defendants, to date, have not responded and the Clerk has signed an entry of default against both. (ECF Nos. 12, 14).  Plaintiffs have now filed a Motion for Default Judgment against Defendants whereby they seek $41,665 in outstanding ERISA contributions, $5,816 in interest, $8,333 in liquidated damages, $13,265 in past attorney's fees and costs, and $5,000 in attorney's fees for the anticipated cost of executing judgment, for a total award of $69,079.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 55 authorizes the district court to enter a default judgment against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a), 55(b).  The court may consider the following factors when exercising discretion as to the entry of default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default

was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  The factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys., Inc. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). "Where a court finds that default should be granted, it may award damages if the plaintiff satisfies its burden of proving the damages through evidence." *Bd. of Trs. of Bay Area Roofers Health & Welfare Trust Fund v. Westech Roofing*, 42 F. Supp. 3d 1220, 1227 (N.D. Cal. 2014) (citing *TeleVideo Sys., Inc.*, 826 F.2d at 918).

## III.   DISCUSSION

The Court agrees that a limited default judgment may be appropriate in this case.  Service was performed on February 20, 2014 as to Show Plus and on February 26, 2015 as to American Polysource via Defendants' registered agent. (Proofs of Service, ECF Nos. 9, 10).  Neither an answer nor a motion to dismiss has been filed in response, and there is no indication that Defendants intend to oppose the allegations against them.  Nevertheless, with the evidence currently in the record, the Court finds that it cannot grant the Motion.

Plaintiffs have not provided a copy of the CBA allegedly signed by Defendants.  The key allegation in the FAC is that American Polysource "dba Show Plus (USA), is signatory to the collective bargaining agreement between American Polysource and the International Brotherhood of Teamsters Local 631." (FAC ¶ 3).  And without a copy of the CBA, the Court cannot conclude that a default judgment is appropriate.  If the Court were to grant Plaintiffs' Motion without reviewing the CBA, then that certainly could leave open the possibility of a dispute over a material fact—namely, that Defendants agreed to and signed the CBA. *See Eitel*, 782 F.2d at 1471–72.  Likewise, without the Court's consideration of the CBA, a default

1    judgment against Defendants could potentially prejudice Defendants if, for some reason, the

2    document is facially deficient. *Id.*

3          Even Plaintiffs' alter ego theory relies upon the CBA for support since Plaintiffs allege

4    that "American Polysource listed Show Plus LV's address as its own on the CBA." (FAC ¶ 8).

5    Similarly, Plaintiffs request for damages is contingent on the terms of the CBA.  The framework

6    for calculating deficient contributions of an employer who has provided no documentation is

7    governed by the Trust Agreements, as is the applicable amount of interest and liquidated

8    damages.  The Trust Agreements are controlling to the extent that they are incorporated into the

9    CBA, which is what Plaintiffs allege. (*See* FAC ¶ 10).  Plaintiffs claim that it is pursuant to the

10   CBA and the Trust Agreements that Defendants allegedly have the obligation to submit to a

11   compliance review. (*Id.* ¶ 11).  Although the Trust Agreements have been provided as exhibits to

12   the pending Motion, the CBA is conspicuously missing.  Accordingly, the Court would be remiss

13   if it were to grant Plaintiffs' Motion for Default Judgment without reviewing a copy of the CBA

14   that Defendants allegedly signed.

15         Furthermore, assuming that a renewed motion with a copy of the CBA is filed, the Court

16   advises Plaintiffs that it will not grant the Motion for the entire amount sought.  The Court in

17   particular finds the amount of attorneys' fees requested by Plaintiffs to be excessive.  Nor will

18   the Court enter default judgment against Show Plus on the basis of Plaintiffs' alter ego theory.

19   Although the Complaint alleges that Show Plus is American Polysource's alter ego, it does not

20   conclusively establish it. *See Bd. of Trustees v. Road & Highway Builders, LLC*, No. 2:11-cv-

21   1579-JCM-VCF, 2013 WL 1293127, at *2 n.2 (D. Nev. 2013) (Mahan, J.).  For these reasons,

22   the Motion is denied.

23   ///

24

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Entry of Default Judgment (ECF No. 15) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: June 1, 2015

_____
ROBERT C. JONES
United States District Judge